U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUN - 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

EDWARD JOHNSON            CIVIL ACTION NO. 08-0390
     LA. DOC #118578
VS.                                 SECTION P
                                     JUDGE DRELL
LARRY SMITH, ET AL.           MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se plaintiff Edward Johnson, an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), who is incarcerated at the Winn Correctional Center (WCC), Winnfield, Louisiana, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 19, 2008. He has been permitted to litigate his claims *in forma pauperis*. Plaintiff complains that he has wrongfully been denied the opportunity to participate in the Department's Work-Release program. He named as defendants LDOC employee Larry Smith, WCC Deputy Warden Angel A. Martin, WCC Manager Mona Heyse, WCC Warden Tim Wilkinson, and, the Secretary of the LDOC. He asks the court to order the defendants to allow him to participate in the Work-Release Program; and, he prays for compensatory damages in the amount of $20,000.00. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. By his own admission, he has been convicted of three or more felonies, however, he has never been adjudicated an habitual offender pursuant to La. R.S.15:529.1. According to plaintiff, his scheduled release date is September 27, 2009.

Plaintiff requested that he be allowed to participate in the Department of Correction's Work-Release program, however, the defendants denied him eligibility, apparently because he has been convicted of more than three felonies. Plaintiff claims that he should be eligible since he was never formally adjudicated an habitual offender pursuant to La. R.S.15:529.1. He seeks injunctive relief and compensatory damages.

### *Law and Analysis*

#### 1. *Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir.1990).

2

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); see, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not

3

free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." <u>Macias v. Raul A. (Unknown) Badge No. 153</u>, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir.1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir.1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Plaintiff has set forth specific facts which he claims entitles him to relief. He need not be afforded an opportunity to amend his complaint.

### 2. *Work Release - Due Process/Equal Protection*

In order to obtain injunctive relief or to hold any of the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the

defendant was a state actor. See <u>Hessbrook v. Lennon</u>, 777 F.2d 999, 1005 (5th Cir. 1985). Plaintiff claims that the defendants, who are all state actors, deprived him of his right to participate in the LDOC work release program; he thus implies that in so doing, the defendants violated his right to Due Process.

Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."

In <u>Welch v. Thompson</u>, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." <u>Welch v. Thompson</u>, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be

5

no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." <u>Evans v. City of Dallas</u>, 861 F.2d 846, 848 (5th Cir. 1988. Plaintiff can point to no rule or understanding which entitle him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. <u>Bulger v. U.S. Bureau</u>

of Prisons, 65 F.3d 48 (5th Cir.1995).Plaintiff is not entitled to participate in the Louisiana work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.[1]

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(B)(i) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[1] To the extent that plaintiff might imply a violation of equal protection, such claim fares no better. In order to state a claim of discrimination under the Equal Protection clause, plaintiff must demonstrate that he was treated differently than other similarly situated individuals and that the unequal treatment stemmed from a discriminatory purpose. Priester v. Lowndes County, 354 F.3d 414, 424 (5th Cir.2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir.2001). Plaintiff has made no such showing and thus, any implied equal protection claim is also subject to dismissal as frivolous.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana _____, 2008.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```